Wilmer Rene Elias PADILLA,
Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–2165–ag.

United States Court of Appeals,
Second Circuit.

May 3, 2006.

Anne Marie L. Corominas, Brooklyn, New York; David G. Katona, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Daryl F. Bloom, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Wilmer Rene Elias Padilla, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Alan L. Page's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

The record before the IJ is convoluted. Padilla contends that the manner in which the hearing was conducted denied him due process. Specifically, he maintains that the IJ went off the record numerous times during the hearing in order to engage in "outbursts" and "open hostilities" against him and his attorneys. He submitted three affidavits, each specifically supporting this assertion. Padilla also argues that due process was violated because the interpreter at his hearing was incompetent.

In order to establish a violation of due process, the applicant must show that he was denied a full and fair opportunity to present his claims or otherwise deprived of fundamental fairness. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 155 (2d Cir.2006). In our view there were a number of problems. One concerned the translation. One of Padilla's attorneys, a fluent Spanish speaker, raised objections to the accuracy of the translations at the hearing. Hearing Trans. at 113, ln. 12. A more serious problem arose from the IJ's conduct. The IJ went off the record, without letting counsel know that he was doing so, and made remarks to the effect of: "[Padilla]'s going down"; "I don't buy [Pa-

dilla's] lies"; "Even if this case is remanded to me, I will deny his case again"; "No matter how many times you are going to bring this case back, it's still going to be the same decision! ....."; and "Why take the chance on continuing with this case?!" Caranza Aff., ¶ 7; *see* Katona Aff., ¶ 4. [A49, A53]. The Government does not dispute that the IJ made such remarks. **Red 36.**

These off-record statements are troublesome. While IJs have wide latitude to manage hearings and rule on evidentiary issues, a litigation must be fairly conducted. While the unfortunate absence of a transcript (where the IJ went off the record) makes it difficult to know what exactly the IJ said and meant, the remarks he apparently made (which the government does not dispute) give rise to a concern whether the proceeding was fairly conducted. The IJ's stated intention to adhere to his determination notwithstanding a remand (presumably because of errors) gives rise to an arguable appearance that the IJ was not judging fairly and objectively but was influenced by personal antipathy for the petitioner. In light of these problems, we find that the best course is to have this matter reheard.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order VACATED, and the case is REMANDED for further proceedings consistent with this decision. While we recognize that "assignment of an IJ is within the province of the Attorney General," *Pavlova v. INS,* 441 F.3d 82, 92 (2d Cir.2006) (internal quotation marks and citation omitted), the problems presented on this record would obviously be alleviated if the case were reheard by a different IJ. *See id.* As we have completed our review, Padilla's pending motion for a stay of removal pending

resolution of the petition for review is DE-NIED as moot.